803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT E. KURTH, Plaintiff-Appellant
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 85-1822.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEBER,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Robert E. Kurth appeals the district court's order granting a summary judgment which affirmed the Secretary of Health and Human Services' denial of disability benefits or supplemental security income. We find the ALJ's decision was supported by substantial evidence, and accordingly affirm.
 
 
 2
 On or about November 16, 1982, plaintiff filed an application for social security benefits, alleging he became unable to work on December 26, 1974, due to back surgery, spinal spurs, and arthritis of the spine. These applications were denied initially and on reconsideration. On August 10, 1983, claimant, his ex-wife, his attorney, and a vocational expert appeared at a de novo hearing before an ALJ. On September 28, 1983, the ALJ issued an opinion in which he determined claimant was not entitled to benefits.
 
 
 3
 Plaintiff testified he was 56 years old, 6' 3' tall and weighed 180 pounds. He had obtained a GED in 1975 and had attended two semesters of college. From 1965 to 1971, he drove a wrecker and an auto carrier. From 1972 to 1973, he worked as a maintenance welder; a job which required a considerable amount of exertion. On December 26, 1973, claimant ruptured a disc in his lower back in an accident which occurred while he was welding a trailer hitch. Since the accident, claimant had not engaged in substantial gainful activity.
 
 
 4
 The ALJ made the following findings at page five of his decision:
 
 
 5
 1. The claimant met the disability insured status requirements of the Act on December 26, 1973, the date the claimant stated he became unable to work, and continued to meet them through June 30, 1979, but not thereafter.
 
 
 6
 2. The claimant has not engaged in substantial gainful activity since December 26, 1973.
 
 
 7
 3. The claimant has the following impairments: cervical spondylosis and status post-laminectomy at the lumbosacral level.
 
 
 8
 4. The claimant's allegations of intractable, debilitating, burning pain are not credible.
 
 
 9
 5. The claimant does not have any impairment or impairments which significantly limit his ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment (20 CFR 404.1521 and 416.921).
 
 
 10
 Buttressing these findings is the testimony of a vocational expert, Roy Welton, who stated plaintiff's previous jobs as a welder, maintenance worker, and mechanic, were transferable to other work activities such as blueprint inspection, sedentary machine operator, and mechanics. Moreover, no doctor testified that claimant was disabled.
 
 
 11
 Claimant's main contention is that his pain was disabling. However, not one doctor indicated claimant's pain was so severe as he could not work. To the contrary, Dr. Lele opined that claimant could perform work as a draftsman and Dr. McColl opined claimant could engage in sedentary work.
 
 
 12
 The ALJ's findings should be upheld if supported by substantial evidence: "more than a scintilla, but less than a preponderance". Richardson v. Perales, 402 U.S. 389 (1971). We conclude that the ALJ's finding met this standard. Accordingly, we affirm.
 
 
 
 *
 Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation